UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Bruce Benedict; Joe Williams; Joseph Baglino; James Brown; and Adrienne Schmadeke, on behalf of themselves and all others similarly situated,<br>　　　　　Plaintiffs,<br>v.<br>Diamond Resorts Corporation; Diamond Resorts Parent, LLC; Diamond Resorts Holdings, LLC; Resort Management International, Inc.; Stephen J. Cloobeck; Kathy Wheeler; Frank Goeckel; and Jason Toste,<br>　　　　　Defendants. | Case No.  CV 12-00183 DAE BMK<br><br>**FINAL CLASS ACTION SETTLEMENT APPROVAL ORDER AND JUDGMENT**<br><br>**CLASS ACTION** |

FINAL CLASS ACTION SETTLEMENT APPROVAL
ORDER AND JUDGMENT

On May 15, 2013, the Court heard argument on the Motion by Plaintiffs Bruce Benedict, Joe Williams, Joseph Baglino, James Brown and Adrienne Schmadeke (collectively, "Plaintiffs") for: (i) final approval of the proposed Settlement (filed as Exhibit 1 to the Joint Declaration of Jonathan K. Levine, Andrew N. Friedman, and William M. McKeon), resolving class claims asserted in the litigation against Defendants Diamond Resorts Development Corporation, Diamond Resorts Parent, LLC; Diamond Resorts Holdings, LLC; Resort Management International, Inc.; Stephen J. Cloobeck; Kathy Wheeler; Frank Goeckel and Jason

1

Toste ("Defendants") (Plaintiffs and Defendants are referred to collectively as the "Parties") on behalf of a Settlement Class (defined below); and (ii) final certification of the Settlement Class preliminarily certified in this Court's December 12, 2012 order granting preliminary approval of the Settlement.  (Doc. # 64.)  Due and adequate notice having been given of the proposed Settlement by direct mail as required by the Court's December 12, 2012 order, Rule 23 of the Federal Rules of Civil Procedure, and the Class Action Fairness Act, 28 U.S.C. § 1715(b), and the Court having considered all papers filed and proceedings had herein, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

     1.    Capitalized terms not otherwise defined shall have the same meaning as set forth in the Settlement;

     2.    The Court finds and concludes that the Settlement Class preliminarily certified in the Court's December 12, 2012 Order—and defined as:

> All persons and entities who:  (1) are current deeded owners in Poipu Point or former Deeded Owners who received a Water Intrusion Assessment; and/or (2) are current members of the Hawaii Collection or former members of the Hawaii Collection who received a Water Intrusion Assessment. Excluded from the Settlement Class are:  (i) those former or current Deeded Owners who received a Water Intrusion Assessment and who submit a valid Request for Exclusion in accordance with the procedures ordered by the Court; (ii) those former or current members of the Hawaii Collection who received a Water Intrusion Assessment and who submit a valid Request for Exclusion in accordance with the procedures ordered by the Court; (iii) the Association of Apartment Owners of Poipu Point (AOAO); (iv) the Diamond Resorts Hawaii Collection Members Association (DRHCMA); and (v)

> Defendants, and their parents, affiliates, successors, predecessors, employees, officers and directors.

—satisfies all of the requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure for the same reasons set forth in the Court's December 12, 2012 Order granting preliminary certification of the Settlement Class. (See doc. # 64 at 9–14, 20–21.) The Court therefore **GRANTS** final certification of the Settlement Class.

    3.    The Court finds and concludes that notice has been given to all members of the Settlement Class known and reasonably identifiable, that the notice given was the best notice practicable under the circumstances, and that it included written notice sent to Settlement Class members by first-class mail. Such notice fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and this Court's December 12, 2012 Order.

    4.    The Court **EXCLUDES** from the Settlement Class each person who has timely submitted an opt-out notice in accordance with the Court's December 12, 2012 Order, which persons are identified as follows: Leah Anderson, Veronica Bauer, Ronald and Barbara Bray, Linda Brown, Charles and Gloria Chapman, Gerald Cushnyr, Robert and Barbara Da Silva, James and Patricia Dobbie, Nancy Gotcher, Kenneth and Susan Hensley, Ryan Howe, James and Jeanne Howland, Michael and Vera Hoyle, Mike and Judy Holliffe, Terese Krueger, Michael and Linda Link, Veta and Lane Lohman, Rosemarie Maune, Paul and Kendra McCormick, Cheryl McNair, Jerry and Michele McRae, Brenden and Cynthia Mendez, Kenneth Pennywell, Nancy

Perkinson, Robert and Linda Peterson, Robert and Debra Placky, Lucy and Renato Santos, Daniel and Melody Schrauben, Dawn Steimer, Scott David Trantina, Stephen and Lesley Verity, and Dennis and Dana Wente.

5. The Court approves the Settlement and finds that it is, in all respects, fair, reasonable, and adequate in accordance with Rule 23 of the Federal Rules of Civil Procedure in light of: (1) the strength of Plaintiffs' case; (2) the risk, expense, complexity and likely duration of further litigation; (3) the risk of being unable to maintain class-action status throughout trial; (4) the amount offered in Settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of Class Counsel; (7) the presence of a governmental participant; and (8) the reaction of class members to the proposed Settlement.  See Churchill Village, L.L.C. v. Gen. Elec., 361 F.3d 566, 575 (9th Cir. 2004) ("Churchill"); see also Almodova v. City and County of Honolulu, Cv. No. 10-00355 LEK-RLP, 2012 WL 3255140, at *3–*5 (D. Haw. Aug. 8, 2012) (granting final approval of class settlement and applying the factors set forth above) (citing Hanlon v. Chrysler Corp., 150 F.3d 1011, 1011 (9th Cir. 1998)).  The Court has evaluated the relevant Churchill factors in this case and finds that the proposed Settlement provides substantial monetary and other benefits to Settlement Class members without the risk and delay associated with further litigation.  Accordingly, the Court now approves the

Settlement as a fair, adequate, and reasonable resolution of the claims against Defendants.

6. The Court hereby overrules the objection of Erin Gleason to the Settlement. Ms. Gleason's objection—the only objection received out of more than 20,000 Class members—objects to the Settlement on the ground that it "does not go far enough" and that Defendants "should be responsible for 100% of the water intrusion repair costs." The Court finds that Ms. Gleason's objection does not raise any question about the fairness, adequacy and reasonableness of the Settlement. See Hanlon, 150 F.3d at 1027 ("[T]hat the settlement could have been better . . . does not mean the settlement presented was not fair, reasonable or adequate.").

Ms. Gleason also complains that the leadership structure of the AOAO board should be changed in material respects and that maintenance fee increases should be voted on by the entire membership. However, these proposals have little to do with the claims asserted and the relief sought in the litigation. Moreover, the changes Ms. Gleason seeks could not be implemented through a litigation settlement; they must be implemented through changes to the Poipu Point governing documents, which require a member vote. Accordingly, Ms. Gleason's objection is overruled.

7. The Court further approves the award of attorneys' fees and litigation expenses to Class Counsel—Girard Gibbs, LLP, Cohen Milstein Sellers & Toll PLLC, and McKeon Imlay Mehling—and the service awards to the five named

Plaintiffs as provided for in the Settlement and as addressed in the Court's separate fee order. The Court finds that such fee, litigation expense, and service awards are, in all respects, fair and reasonable, that the Settlement was honestly negotiated, and that the Settlement provides substantial relief to the Settlement Class.

8.  The Court hereby dismisses this action with prejudice and without costs, except as provided for in the Settlement and except as specifically provided for in this Order and the Court's separate fee order.

9.  Without affecting the finality of this Judgment in any way, administration and consummation of the Settlement shall be under the authority of this Court. The Court shall retain jurisdiction to protect, preserve and implement the Settlement. The Court expressly retains jurisdiction to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement.

**IT IS SO ORDERED.**

**DATED:** Honolulu, Hawaii, June 6, 2013.

_____
David Alan Ezra
Senior United States District Judge